### 7818.   CARR *v.* STOKELY.

WADE, C. J. The plea as amended set up no valid defense, and the court did not err in striking it, and in thereafter directing a verdict in favor of the plaintiff.

> *Judgment affirmed. George and Luke, JJ., concur.*
> DECIDED JUNE 14, 1917. REHEARING DENIED JUNE 27, 1917.

Complaint—appeal; from Cobb superior court—Judge Patterson. July 21, 1916.

G. M. Ransom and E. J. Carr were sued in a justice's court on their joint promissory note dated January 7, 1912, and due twelve months after date. Carr filed a plea, in which he alleged, that he was merely a surety on the note; that he signed it as surety at the request of Ransom and the payee (the plaintiff), without reward or value; that in the early part of the year 1914 he agreed with Ransom to extend the time and use of his name as surety for one year after the note was due, the note being one year past due; that he was never notified by the plaintiff that the note was past due and unpaid, or to come forward and pay it; that about the first of September, 1914, he told the plaintiff that when the note became due the plaintiff must proceed to make the

money or release him, and that he would not stay upon the note any longer after it became due, and the plaintiff then promised him to do so; that in March, 1915, when he asked if the plaintiff had got the money on the note, the plaintiff said "No," and told him that he was not going to look to him for the money, that he (Carr) had not received anything of value for the signing of the note, and the plaintiff was not holding him liable on it, and was not going to let him lose anything, and was not going to sue Ransom, the principal on the note. On the hearing of the case on appeal in the superior court Carr amended his plea and alleged, that on January 7, 1915 (?), the time the note matured, Ransom was solvent and the note could have been collected out of him, but the plaintiff failed to proceed as he promised to do, and this defendant, relying on Ransom's promise to collect the note, did not apply his legal remedies; which he intended to do and would have done but for the promise of the plaintiff to proceed to make the money immediately when the note became due; that Ransom is insolvent, and, by reason of the plaintiff's failure to comply with his promise, this defendant was exposed to a greater degree of loss by reason of his suretyship; that the plaintiff's statement that he would not sue Ransom, and that he was not holding this defendant responsible, misled, deceived, and disarmed this defendant, and this defendant did not proceed as the law provides in cases of suretyship, which he would have done but for the statement of the plaintiff.

The court struck the plea, on motion of the plaintiff, on the ground that it presented no legal defense, and then directed a verdict for the plaintiff.

*Joe Abbott,* for plaintiff in error. *J. J. Northcutt,* contra.